Isidro, Antonio and Santos Escalera Calderón et al., Plaintiffs and Appellants, v. Pedro R. Armenteros et al., Defendants and Appellees.

No. 10587. Argued August 26, 1952.—Decided October 28, 1952.

*Guillermo S. Pierluisi* for appellants. *L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr.,* and *Jaime Pieras, Jr.,* for appellees Pedro R. Armenteros and María E. Maldonado. *L. E. Dubón, William Guzmán García,* and *Cipriano Olivieri,* for appellee Josefina Puigdollers. *Lionel Fernández Méndez* and *M. Orraca Torres* for appellee José Ramón Quiñones. *D. Guerrero Noble* for appellees Segismundo Quiñones, Hilda García, and Arturo González. *Pedro Amado Rivera* for Sylvia Torres. *Francisco L. San Miguel* for appellee Gerardo Pabón. *Martín Martell* and *Modesta Cajigas,* appellees, *pro se.*

Mr. Justice Marrero delivered the opinion of the Court.

On April 21, 1948, the minors Isidro, Antonio, and Santos Escalera Calderón, represented by their mother with *patria potestas* Josefa Calderón widow of Escalera, filed a complaint in an action for nullity of summary foreclosure proceeding, revendication and damages, against Josefina Puigdollers López, José Ramón Quiñones, Segismundo Quiñones, Pedro R. Armenteros, María E. Maldonado, Martín

Martell, Modesta Cajigas, Sylvia Torres, Gerardo Pabón, Hilda García and Arturo González, Jr. In their first cause of action they alleged that they were co-owners of two properties they describe under the letters "A" and "B", having inherited them from their father Vicente Escalera Cruz and their aunt Demetria Escalera Cruz; that Agapito Escalera Isidrá died on March 28, 1911, under a will in which he declared as his sole and universal heirs his widow Nicolasa Calderón Verdejo and his children Natalia, Ana, Antonio, Matías, and Florentino Escalera Calderón, as well as his grandchildren Demetria and Vicente Escalera Cruz in representation of their deceased father, Tomás Escalera Calderón, the testator's son; that by public deed executed on November 29, 1910, Nicolasa Calderón Verdejo and her husband Agapito Escalera Isidrá constituted a $2,000 mortgage in favor of the defendant Josefina Puigdollers López on the property marked with the letter "A," for a one-year period; that when the mortgage became due the creditor instituted a summary foreclosure proceeding for its recovery, without mentioning in the petition Agapito Escalera Isidrá's death, and process being served only on his widow Nicolasa Calderón Verdejo; that when the creditor learned that Escalera Isidrá had died, she filed a motion on April 26, 1912, requesting that the predecessor's heirs, Natalia, Ana, Antonio, Matías, and Florentino Escalera Calderón, be included as defendants and served with process; that after process was served and payment not having been made in due time, plaintiff requested that the mortgaged property be sold at auction, which was done, the property being adjudicated for $1,000 to Antonio Puigdollers Soler, verbally authorized agent of the creditor; that on October 18, 1912, Josefina Puigdollers López recorded her title in the Registry of Property; that from said record it clearly appears that the minors Vicente and Demetria Escalera Cruz were not parties to the foreclosure proceeding; that the property identified with the letter "A" was consolidated with others by the pur-

chaser and sold by her, on April 14, 1925, to Antonio Puig-dollers Soler, who on December 15, 1926, sold it to José Ramón Quiñones, represented by his attorney-in-fact Segismundo Quiñones; that on September 30, 1938, Quiñones sold the aforesaid property to Pedro R. Armenteros and his wife María E. Maldonado; and that the summary foreclosure proceeding (Civil No. 5458) is null and void, among other reasons, because the minors Vicente and Demetria Escalera Cruz, grandchildren of the mortgagor, were neither summoned nor served with process.

As the second cause of action they alleged that after the termination of the foreclosure proceeding the creditor filed within that same proceeding a motion entitled "Action of Debt," addressed to the Marshal of the District Court, pointing out as property belonging to the debtors the property identified with letter "B"; and that from the certificate of the auction executed on April 25, 1913, it appears that the Marshal sold the property at auction to Antonio Puigdollers Soler, attorney-in-fact of the mortgagee, for $500. They then set forth the reasons wherefore, in their judgment, the sale and adjudication of that property to the plaintiff was null and void; and finally pray for the nullity of the summary foreclosure proceeding as well as of the so-called "Action of Debt" instituted within that proceeding, and of the records made in the Registry of Property in favor of Josefina Puigdollers López and of the persons who obtained the aforesaid properties after the latter; that the revendication of said properties be decreed in their favor and that they be awarded damages.

Josefina Puigdollers López, Segismundo Quiñones, José Ramón Quiñones, Pedro R. Armenteros and María E. Maldonado interposed certain legal defenses to the complaint, which were overruled and which for the purposes of the questions which, as we shall see, are before our consideration, we need not state in detail. Those same defendants answered

objecting to the complaint[1] and later moved for summary judgment in their favor. In their motions for summary judgment they alleged fundamentally that from the face of the complaint it appears that the summary foreclosure proceeding ended on August 23, 1912, when the auction took place and the mortgaged property was adjudicated to Josefina Puigdollers López, for which reason on the date the complaint was filed (April 21, 1948) any cause of action the plaintiffs may have had was barred, pursuant to the provisions of § 1864 of the Civil Code (*sic*);[2] that it also appears from the face of the complaint that the defendants had been in possession of the aforesaid properties for over 35 years, as owners, quietly, publicly, peacefully and uninterruptedly; that it likewise appears from the face of the complaint that any cause of action to recover the fruits, rents, or proceeds from the properties, is barred; and that their motion is based on the record of civil case No. 5458; on a certified copy of the deed of judicial sale of August 23, 1912, executed by the Marshal in favor of the defendant Puigdollers López; on a certified copy of the deed of sale executed on October 6, 1917, by Rafael Ojeda Martínez in favor of the defendant Puigdollers López; on a certified copy of the deed of consolidation of properties, of September 7, 1923; on a certified copy of deed No. 167, executed by the heirs of Agapito Escalera Isidrá, of Liquidation and Division of the Inheritance of the latter; on a certificate issued on June 16, 1948, by the Registrar of Property of San Juan; and on affidavits subscribed by Josefina Puigdollers López, José Ramón Quiñones and Pedro R. Armenteros.

In an unverified writing signed by Josefa Calderón widow of Escalera, the plaintiffs objected to the motions for sum-

---

[1] The defendants Martín Martell, Modesta Cajigas, Sylvia Torres, Gerardo Pabón, Hilda García and Arturo González, Jr., have not appeared nor has their default been entered.

[2] In our judgment, this Section is not applicable. It essentially provides: "A mortgage action prescribes after twenty years, . . . ." We are not dealing here with a mortgage action, but with a complaint praying for the nullity of the summary foreclosure proceeding.

mary judgment and alleged primordially "that undoubtedly in this case there is an issue as to the material facts that must be tried by the court, and the plaintiffs were not obliged to present counteraffidavits, for as we have seen the affidavits presented by the defendants herein have not overcome' the essential averments of the complaint and, consequently, they may rely thereon and, hence, the plaintiffs are not obliged to attach counteraffidavits to this opposition for summary judgment, inasmuch as Rule 56 provides that summary judgment may be prayed for with or without affidavits or depositions." They also maintained in that writing that their action is not barred [3] inasmuch as prescription does not run against that which is nonexistent, and they pray for judgment on the pleadings in their favor.

In connection with said motions the court *a quo* entered on January 18 of last year an order (*sic*) wherein, after setting forth certain essential averments of the complaint and referring to the grounds of the motions before its consideration, it merely pointed out "that there is no genuine issue as to any material fact, that the defendants are entitled, as a question of law, to a judgment in their favor, dismissing the complaint in all its parts."[4] On the same date and for identical reasons it entered judgment dismissing the complaint and ordering the plaintiffs to pay the costs and $200 as attorney's fees.[5]

The plaintiffs urge on appeal that the court *a quo* erred: (1) in granting the motion for summary judgment on the ground that there was no genuine issue as to any material fact; (2) in deciding that the action for nullity was barred;

---

[3] When making this statement the plaintiffs undoubtedly refer to the action for the nullity of the summary foreclosure proceeding.

[4] In *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388, we said at p. 400 that "The purpose of Rule 56 is to accelerate proceedings in those suits wherein there is no genuine issue as to any material fact to be tried"; and in *Hettinger & Co.* v. *District Court*, 69 P.R.R. 128, we stated, quoting from the syllabus, that "A summary judgment will lie if affidavits attached in support of or in opposition to the motion for such judgment show that there is no issue as to any material fact. If there be such an issue or if

(3) in deciding likewise that the action of revendication was barred; and (4) in declaring that they lacked a cause of action to claim the fruits and rents from the properties involved in the complaint, because said action was barred.

 Pursuant to the provisions of Rule 56(*b*) "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." It was precisely relying on these provisions that the plaintiffs asked the court to enter the judgment involved in this appeal. Their respective motions, as we have seen, were accompanied by the record of the summary foreclosure proceeding, by several public deeds, by a certificate issued by the Registrar of Property and by affidavits subscribed by several of the defendants who appeared. The plaintiffs merely objected to what was requested.

We need not decide here whether the action for the nullity of the summary foreclosure proceeding was barred. See, nevertheless, *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388, 402; *Costas* v. *G. Llinás & Co.*, 66 P.R.R. 688, 698; *Trías* v. *Leaf Tobacco Co.*, 50 P.R.R. 88, 92; *Ortiz* v. *Mc Cormick Steamship Co.*, 57 P.R.R. 551; *Martorell* v. *Crédito y Ahorro Ponceño*, 42 P.R.R. 632; *Mollá* v. *McK. Jones*, 41 P.R.R 901; *Cortés et al.* v. *Díaz et al.*, 31 P.R.R. 433. *Cf. Cruz* v. *Ramos*, 70 P.R.R. 681 ,685. Nor need we decide whether because of the time that elapsed the revendicatory action alleged in the complaint and the subsidiary action for damages could no longer be prosecuted. *Cf. Ex parte Reyes*, 68 P.R.R. 790; *Heirs of Rivera* v. *Manso*, 64 P.R.R. 617;

there is a bona fide dispute as to any fact between the parties, the court should refrain from rendering such judgment." See also *Hernández* v. *Caraballo*, 72 P.R.R. 628.

[5] The record discloses that on January 31, 1951, the plaintiffs moved for reconsideration of the judgment, but since on February 1 of that same year they appealed to this Court from the judgment entered against them, they deprived the court *a quo* of jurisdiction to pass on their motion which, of course, has not been disposed of. See *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289.

16

*Annoni* v. *Heirs of Nadal*, 59 P.R.R. 638; *Calderón* v. *Sociedad Auxilio Mutuo*, 42 P.R.R. 400, 406; *Vives et al.* v. *Amorós Bros. et al.*, 34 P.R.R. 170; *Rivera et al.* v. *Juncos Central Co.*, 31 P.R.R. 252; *Buil* v. *Banco Popular*, 69 P.R.R. 237, 248; *Capó* v. *A. Hartman & Co.*, 57 P.R.R. 190, 194; § 1871 of the Civil Code, 1930 ed.; Manresa, *Código Civil*, Vol. 12, 1951 ed., p. 949; Colin y Capitant, *Derecho Civil*, 1943 ed., p. 277; *Diccionario Recopilado* by Saenz Hermua, Vol. 2, p. 417. This is so because, as we have indicated, the motions for summary judgment were based on affidavits of the petitioners themselves and on ample documentary evidence, and in this case neither the record of civil case number 5458, heard in the former District Court of San Juan, nor the certificate of the Registry of Property of June 16, 1948, appears attached to said motions. It was incumbent on the appellants to send up those documents and to place this Court in a position to determine whether or not the court *a quo* acted correctly in deciding that there was no genuine issue of facts before it, and, consequently, in granting the motions for summary judgment and dismissing the complaint. *Marrero* v. *Olmeda*, 69 P.R.R. 202, 206; *Rivera* v. *Cancel*, 68 P.R.R. 339, 342; *Torres* v. *Sancho, Treas.*, 51 P.R.R. 16; *Vázquez* v. *Santos*, 44 P.R.R. 426; *Pérez* v. *Martínez*, 43 P.R.R. 333; *Quintana & Borges* v. *Porras*, 41 P.R.R. 615. They failed to do so and we must presume that the trial judge acted correctly. *Verdejo* v. *Lecumberi*, 57 P.R.R. 514; *Fernández* v. *Pastoriza*, 43 P.R.R. 859.

█ Furthermore, from the very face of the complaint it appears that Agapito Escalera Isidrá died under a will, leaving as his sole and universal heirs, among others, his grandchildren Demetria and Vicente Escalera Cruz, from whom the alleged right of the plaintiffs emanates; that Demetria and Vicente were then 17 and 14 years old, respectively, and "appeared in that act represented by their mother with *patria potestas*, Francisca Cruz Cepeda, . . . ." The act at which said minors appeared and what was done therein in

connection with their hereditary rights, however, does not appear from the complaint as clearly as would be desirable. However, it is most perspicuously evident from deed No. 167 of Liquidation, Division and Adjudication of Property, executed on October 4, 1911, which, as noted, was attached to the motions for summary judgment, that Francisca Cruz Cepeda appeared thereat in her own right as heir and successor of her daughter Demetria Escalera Cruz and, in addition, as the legal representative of her son Vicente Escalera Cruz, 19 years old; that Agapito Escalera Isidrá died on March 28, 1911, and that in his will he designated as his sole and universal heirs the persons mentioned in the complaint; that Demetria Escalera Cruz died subsequent to Escalera Isidrá's death; that the distributable net capital of the estate left by the latter amounted to $3,473.86; and that $289.48 corresponded both to Demetria and to Vicente Escalera Cruz and in payment of their inheritance share each one was adjudicated a condominium of $200 in the total value of $1,120.00 in the property described in the first place in the inventory.[6]

The property described in the first place in the inventory consisted of a lot measuring 485.25 square meters. Its description does not coincide in any manner whatsoever with the description of property "A" in the complaint. As the latter was the only property involved in the summary foreclosure proceeding, and according to the aforesaid Deed of Liquidation, the plaintiffs had no share whatsoever in it, they lack standing to sue in connection therewith. For this reason their complaint could be dismissed.

The judgment appealed from will be affirmed.

---

[6] The difference, amounting to $89.48, as set forth in said deed, would be paid to Demetria and Vicente by Antonio and Florentino Escalera Calderón.